# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PEEKAY ACQUISITION, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 46-1610923 | Chapter 11 <br><br> Case No. 17-11722 (___) |
| In re: <br><br> PEEKAY, INC., <br><br> Debtor. <br><br> Tax I.D. No. 91-1193429 | Chapter 11 <br><br> Case No. 17-11723 (___) |
| In re: <br><br> PEEKAY BOUTIQUES, INC., <br><br> Debtor. <br><br> Tax I.D. No. 46-4007972 | Chapter 11 <br><br> Case No. 17-11724 (___) |
| In re: <br><br> CHRISTALS ACQUISITION, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 46-0820391 | Chapter 11 <br><br> Case No. 17-11725 (___) |
| In re: <br><br> PEEKAY SPA, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 46-1612765 | Chapter 11 <br><br> Case No. 17-11726 (___) |

| | |
|---|---|
| In re:<br><br>CONREV, INC.,<br><br>            Debtor.<br><br>Tax I.D. No. 20-2082441 | Chapter 11<br><br>Case No. 17-11727 (___) |
| In re:<br><br>CONDOM REVOLUTION, INC.,<br><br>            Debtor.<br><br>Tax I.D. No. 33-0716019 | Chapter 11<br><br>Case No. 17-11728 (___) |
| In re:<br><br>CHARTER SMITH SANHUEZA RETAIL, INC.,<br><br>            Debtor.<br><br>Tax I.D. No. 33-0888963 | Chapter 11<br><br>Case No. 17-11729 (___) |
| In re:<br><br>ZJ GIFTS F-2, L.L.C.,<br><br>            Debtor.<br><br>Tax I.D. No. 56-2353565 | Chapter 11<br><br>Case No. 17-11730 (___) |
| In re:<br><br>ZJ GIFTS F-3, L.L.C.,<br><br>           Debtor.<br><br>Tax I.D. No. 56-2353562 | Chapter 11<br><br>Case No. 17-11731 (___) |

| | |
|---|---|
| In re:<br><br>ZJ GIFTS F-4, L.L.C.,<br><br>        Debtor.<br><br>Tax I.D. No. 26-3068006 | Chapter 11<br><br>Case No. 17-11732 (___) |
| In re:<br><br>ZJ GIFTS F-5, L.L.C.,<br><br>        Debtor.<br><br>Tax I.D. No. 27-3227062 | Chapter 11<br><br>Case No. 17-11733 (___) |
| In re:<br><br>ZJ GIFTS F-6, L.L.C.,<br><br>        Debtor.<br><br>Tax I.D. No. 45-2464381 | Chapter 11<br><br>Case No. 17-11734 (___) |
| In re:<br><br>ZJ GIFTS I-1, L.L.C.,<br><br>        Debtor.<br><br>Tax I.D. No. 56-2475099 | Chapter 11<br><br>Case No. 17-11735 (___) |
| In re:<br><br>ZJ GIFTS M-3, L.L.C.,<br><br>        Debtor.<br><br>Tax I.D. No. 91-2078925 | Chapter 11<br><br>Case No. 17-11736 (___) |

| | |
|---|---|
| In re:<br><br>ZJ GIFTS M-1, L.L.C.,<br><br>               Debtor.<br><br>Tax I.D. No. 91-2078925 | Chapter 11<br><br>Case No. 17-11737 (\_\_\_) |
| In re:<br><br>ZJ GIFTS M-2, L.L.C.,<br>               Debtor.<br><br>Tax I.D. No. 73-1476643 | Chapter 11<br><br>Case No. 17-11738 (\_\_\_) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (each a "Debtor", and collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby submit this *Motion of the Debtors for Entry of an Order Directing the Joint Administration of Related Chapter 11 Cases* (the "Motion"). In support of this Motion, the Debtors rely on the *Declaration of Albert Altro in Support of First Day Pleadings* (the "First Day Declaration"),[1] and state as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief sought herein are section 105(a) of title 11 of the United States Code §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## GENERAL BACKGROUND

3.  On the date hereof (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.

4.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108. As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

5.  A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Chapter 11 Cases, are set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

6.  By this Motion, the Debtors request entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only.

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.  The Debtors also request that the Clerk of the Court maintain one file and one docket for all of these Chapter 11 Cases, under the case number assigned to Peekay Acquisition, LLC ("Peekay") and that the caption of these Chapter 11 Cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PEEKAY ACQUISITION, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11722 (___)<br><br>(Jointly Administered) |

8.  The Debtors also seek the Court's direction that separate docket entries be made on the dockets of each Debtor other than Peekay, substantially similar to the following to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Peekay Acquisition, LLC and its affiliates. The docket in the chapter 11 case of Peekay Acquisition, LLC, Case No. 17-11722 (___), should be consulted for all matters affecting this case.

9.  Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim against the particular Debtor which such claim is asserted, and not against the Debtors collectively in these jointly administered cases.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Peekay, Inc. (3429); Peekay Boutiques, Inc. (7972); Christals Acquisition, LLC (0391); Peekay Acquisition, LLC (0923); Peekay SPA, LLC (2765); ConRev, Inc. (2441); Condom Revolution, Inc. (6019); Charter Smith Sanhueza Retail, Inc. (8963); ZJ Gifts F-2, L.L.C. (3565); ZJ Gifts F-3, L.L.C. (3562); ZJ Gifts F-4, L.L.C. (8006); ZJ Gifts F-5, L.L.C. (7062); ZJ Gifts F-6, L.L.C. (4381); ZJ Gifts I-1, L.L.C. (5099); ZJ Gifts M-3, L.L.C. (8925); ZJ Gifts M-1, L.L.C. (7202); and ZJ Gifts M-2, L.L.C. (6643). The Debtors' corporate headquarters and mailing address is 901 West Main Street, Suite A, Auburn, WA 98001.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides that an order of joint administration may be entered where it is established "that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

11.     In these cases, Christals Acquisition LLC is a wholly-owned subsidiary of Peekay Boutiques, Inc.; Peekay Acquisition, LLC is a wholly-owned subsidiary of Christals Acquisition LLC; Peekay SPA, LLC is a wholly-owned subsidiary of Peekay Acquisition, LLC; Peekay and ConRev, Inc. are wholly-owned subsidiaries of Peekay SPA, LLC; and Condom Revolution and Charter Smith Sanhueza Retail, Inc. are wholly-owned subsidiaries of ConRev, Inc. Additionally, the remaining Debtors[3] are all wholly-owned subsidiaries of Peekay SPA, LLC. The Debtors are, thus, "affiliates," as that term is defined in Bankruptcy Code section 101(2), and accordingly, the Court has authority to grant the relief requested herein.

12.     The joint administration of these Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these Chapter 11 Cases will affect all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these Chapter 11 Cases. Joint administration also will enable parties in interest in each

---

[3] The other Debtors consist of the following entities: ZJ Gifts F-2, L.L.C.; ZJ Gifts F-3, L.L.C.; ZJ Gifts F-4, L.L.C.; ZJ Gifts F-5, L.L.C.; ZJ Gifts F-6, L.L.C.; ZJ Gifts I-1, L.L.C.; ZJ Gifts M-3, L.L.C.; ZJ Gifts M-1, L.L.C.; and ZJ Gifts M-2, L.L.C.

{1097.001-W0048195.}                                    7

of the above-captioned Chapter 11 Cases to be apprised of the various matters before the Court in all cases.

13. Thus, entry of an order directing joint administration will significantly reduce the volume of paper that otherwise would be required to be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays in these Chapter 11 Cases. Moreover, the relief requested by this Motion will simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee. Accordingly, the relief requested is warranted and will ease the administrative burden for the Court, the Debtors and all parties in interest.

14. The entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere. *See, e.g., In re Xtera Communications, Inc.*, Case No. 16-12577 (KJC) (Bankr. D. Del. Nov. 18, 2016); *In re American Apparel, LLC*, Case No. 16-12551 (BLS) (Bankr. D. Del. Nov. 15, 2016); *In re DirectBuy Holdings, Inc.*, Case No. 16-12435 (CSS) (Bankr. D. Del. Nov. 3, 2016); *In re Golfsmith International Holdings, Inc.*, Case No. 16-12033 (LSS) (Bankr. D. Del. Sept. 15, 2016); *In re Filip Technologies, Inc.*, Case No. 16-12192 (KG) (Bankr. D. Del. Oct. 6, 2016); *In re Ranger Fabrication Management, LLC*, Case No. 16-11565 (MFW) (Bankr. D. Del. June 30, 2016). For the reasons discussed above, the Debtors submit that joint administration is in the best interests of the Debtors and their estates and creditors, and therefore the relief requested in this Motion should be granted.

## NOTICE AND NO PRIOR REQUEST

15. The Debtors have provided notice of this motion to the following, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (c) counsel to the Term A Lenders; (d) counsel

to the Term B Lenders; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Securities and Exchange Commission; and (h) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

16. No prior motion for the relief requested herein has been filed in this or any other Court.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that the Court enter an order directing joint administration of these Chapter 11 Cases for procedural purposes only and grant such other and further relief as is just and proper.

Dated: August 10, 2017
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Joseph Wright
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Joseph D. Wright (No. 5669)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
        mcguire@lrclaw.com
        wright@lrclaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*