IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PEEKAY ACQUISITION, LLC, *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 17-11722 (BLS)<br><br>(Jointly Administered)<br><br>Ref. No. 26 |

**ORDER (A) APPROVING BID PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE SALE; (C) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (D) ESTABLISHING NOTICE AND CONTRACT PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES; AND (E) GRANTING RELATED RELIEF**

Upon the Motion[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 2002, 6003, 6004, 6006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Order"), (i) approving the procedures (the "Bid Procedures") substantially in the form annexed hereto as Exhibit 1 relating to that certain Asset Purchase Agreement (the "Stalking Horse APA") by and among the Debtors and TLA Acquisition Corp. (the "Stalking Horse Bidder"), with respect to the

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Peekay, Inc. (3429); Peekay Boutiques, Inc. (7972); Christals Acquisition, LLC (0391); Peekay Acquisition, LLC (0923); Peekay SPA, LLC (2765); Conrev, Inc. (2441); Condom Revolution, Inc. (6019); Charter Smith Sanhueza Retail, Inc. (8963); ZJ Gifts F-2, L.L.C. (3565); ZJ Gifts F-3, L.L.C. (3562); ZJ Gifts F-4, L.L.C. (8006); ZJ Gifts F-5, L.L.C. (7062); ZJ Gifts F-6, L.L.C. (4381); ZJ Gifts I-1, L.L.C. (5099); ZJ Gifts M-3, L.L.C. (8925); ZJ Gifts M-1, L.L.C. (7202); and ZJ Gifts M-2, L.L.C. (6643). The Debtors' corporate headquarters and mailing address is 901 West Main Street, Suite A, Auburn, WA 98001.

[2] Capitalized terms used but not defined herein shall have the same meanings given to such terms as in the Motion or the Stalking Horse APA, as applicable.

proposed sale (the "Sale") of substantially all of the assets (as defined in the Stalking Horse APA, the "Acquired Assets"), (ii) scheduling a hearing on the Sale (the "Sale Hearing") and setting objection and bidding deadlines with respect to the Sale, (iii) approving the form and manner of notice of the Sale and the auction (the "Auction") for the Acquired Assets, a copy of which notice is attached hereto as Exhibit 2 (the "Sale Notice"), (iv) establishing procedures to determine cure amounts and deadlines for objections to the assumption and assignment of executory contracts and unexpired leases as set forth in the Motion (the "Contract Procedures"); and (v) granting related relief; and it appearing that the notice of the Motion provided is appropriate and sufficient under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and good and sufficient cause appearing therefor;

THE COURT HEREBY FINDS AND CONCLUDES THAT:[3]

A.  This Court has jurisdiction over this matter and over the properties of the Debtors and their estates pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory and rule based predicates for the relief requested in the Motion are Bankruptcy Code sections 105(a), 363, 365, 503 and 507, Bankruptcy Rules 2002, 6003, 6004, 6006, 9007, 9008 and Local Rule 6004-1.

---

[3] The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Notice of the Motion having been given as set forth in the Motion is sufficient in light of the circumstances and the nature of the relief requested in the Motion and no other or further notice is necessary or required, except as otherwise set forth herein.

D. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Sale process, including, without limitation: (i) approving the Bid Procedures; (ii) scheduling the Auction and the Sale Hearing; (iii) approving the Sale Notice; and (iv) approving the Cure Notice and Contract Procedures.

E. The Bid Procedures were proposed and negotiated in good faith by the Debtors, and are fair, reasonable and appropriate under the circumstances, and are properly designed to maximize the recovery from any sale of the Acquired Assets.

F. The form and scope of the Sale Notice attached hereto as Exhibit 2 is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction and no other and further notice is required, except as otherwise set forth herein.

G. The Contract Procedures and the notices related thereto, including the Cure Notice attached hereto as Exhibit 3 and the Additional Cure Notice attached as Exhibit 4 are appropriate and reasonably calculated to provide all Contract Parties with proper notice of the potential assumption and assignment of Contracts or unexpired leases and any Cure Amounts relating thereto and no further or other notice is required, except as set forth herein.

H. The form of Notice of Sale Hearing and Terms of Global Settlement (as defined in the final cash collateral order entered by the Court) (the "Notice of Sale Hearing and Terms of Global Settlement") attached hereto as Exhibit 5 is appropriate, reasonably calculated and sufficient to provide all interested parties with notice that the Stalking Horse Bid includes the

{1097.001-W0048484.}  3

Global Settlement, and of the opportunity to object to the proposed sale and form of Sale Order, which will include the terms of the Global Settlement.

I. The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it is therefor

ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Bid Procedures and Contract Procedures are approved in all respects and the relief requested in the Motion as it pertains to the Bid Procedures and Contract Procedures, is granted.

3. All objections to the relief requested in the Motion with respect to the Bid Procedures or the Contract Procedures that have not been withdrawn, waived, or settled as announced to the Bankruptcy Court at the hearing on the Motion or as reflected in this Order or by stipulation or withdrawal filed with the Bankruptcy Court, are overruled.

4. The Debtors are hereby authorized to enter into and execute the Stalking Horse APA and to perform such obligations under the Stalking Horse APA which may arise prior to the Sale Hearing.

5. The Bid Procedures attached hereto as <u>Exhibit 1</u> are hereby approved and fully incorporated into this Order, and shall apply with respect to the Auction and the proposed Sale of the Acquired Assets.

6. The Debtors are authorized to take any and all actions necessary or appropriate, consistent with the terms of this Order, to implement the Bid Procedures.

7. The Stalking Horse Bidder is hereby deemed a Qualified Bidder, whose bid as set forth in the Stalking Horse APA shall be deemed a Qualified Bid.

8. The Stalking Horse Bidder, or its designee or assignee, is entitled to credit bid its secured claims against the Debtors up to a maximum amount not to exceed $31 million (the "Credit Bid Cap"), without otherwise complying with the Bid Procedures, to the fullest extent permissible under Bankruptcy Code section 363(k); provided, that such credit bid shall be subject only to any challenge filed in accordance with and subject to the requirements of the Financing Orders. If no such challenge is so commenced, no person or entity shall have any right to challenge any credit bid submitted by the Stalking Horse Bidder. If any such challenge is commenced, the Stalking Horse Bidder may, in its sole discretion, withdraw the Stalking Horse Bid or seek other appropriate relief, including on an emergency basis.

9. Upon the closing of any Sale to any party other than the Stalking Horse Bidder, all consideration provided in connection with such Sale shall be paid directly to the Term A Lenders until all claims of the Term A Lenders have been paid in full in cash; provided, that if a timely challenge to the Debtors' obligations to the Term A Lenders is commenced in accordance with the Financing Orders, such consideration shall be held in escrow by the Debtors until such challenge is resolved or as otherwise ordered by this Court.

10. The Debtors, in consultation with the Committee, shall have the right to determine at the Auction that any Qualified Bid other than the Stalking Horse Bid and Successful Bid shall be the Back-Up Bid.

11. Pursuant to the Bid Procedures, a Potential Bidder that desires to make a bid shall deliver written copies of its bid to the parties identified in the Bid Procedures no later than 12:00 p.m. (ET) on October 10, 2017 (the "Bid Deadline") and shall comply with all other requirements set forth in the Bid Procedures in making such a bid for the Acquired Assets.

12. To the extent the Debtors receive at least one Qualified Bid, other than that of the Stalking Horse Bidder, the Debtors shall conduct the Auction commencing at 10:00 a.m. (ET) on October 17, 2017 at the offices of Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801. The Auction may be attended and viewed by the Debtors, their professionals, Auction Participants, the Committee and its members and professionals. Any creditor wishing to attend the Auction may do so by contacting, no later than October 12, 2017, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Joseph Wright (e-mail: wright@lrclaw.com). The time and place of the Auction may change with notice. The Debtors shall file notice of any such change with the court not later 10:00 a.m. (ET) on October 16, 2017, and shall serve such notice by email or fax on all creditors who notified debtors' counsel of their intention to attend the Auction, as well as on all bidders and Committee counsel.

13. If the Debtors do not receive a Qualified Bid other than that of the Stalking Horse Bidder, the Debtors will not hold the Auction, and the Stalking Horse Bidder will be named the Successful Bidder. No later than 4:00 p.m. (ET) on the day that is one business day before the Auction: (i) the Debtors shall notify all Qualified Bidders (including the Stalking Horse Bidder) and counsel to the Committee whether the Auction will occur; and (ii) in the event an Auction will occur, the Debtors shall provide e-mail or fax notice containing the identities of all Qualified Bidders to all Contract Parties who timely requested such notice pursuant to paragraph 15 below.

14. Upon conclusion of the bidding at any Auction, the Auction shall be closed, and the Debtors, in consultation with the Term A Lenders and the Committee shall (i) review each Qualified Bid and Overbid on the basis of financial and contractual terms and the factors relevant to the Sale process and the contract assumption process, including, without limitation, those

factors affecting the speed and certainty of consummating the proposed Sale and the amount of the cash (or cash equivalents) consideration and (ii) identify the highest or otherwise best offer for the Acquired Assets (the "<u>Successful Bid</u>" and the entity submitting such Successful Bid, the "<u>Successful Bidder</u>"), the Back-Up Bid and the Back-Up Bidder and advise the Qualified Bidders of such determinations.

15. The Debtors shall file notice of the identity of the Successful Bidder, and the Back-up Bidder, and the amount of the Successful Bid and Back-up Bid with the Court no later than three (3) hours after the close of the Auction. At that same time, the Debtors shall serve notice of the foregoing information by email or fax to all Contract Parties and creditors who requested such information in writing from Debtors' counsel and provided Debtors' counsel with their email addresses or fax numbers by no later than October 12, 2017.

16. The Debtors, in their reasonable business judgment, in consultation with the Term A Lenders and the Committee may (a) determine which Qualified Bid, if any, is the highest or otherwise best offer; and (b) reject, at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of the Sale; or (iii) contrary to the best interests of the Debtors, their estates, their creditors, or other stakeholders; <u>provided, however</u>, that notwithstanding anything contained herein or in any other related pleading, the Debtors may not modify the Bid Procedures in any way that would materially impair the rights of the Stalking Horse Bidder under the Stalking Horse APA or the Term A Lenders. All bids, including the Successful Bid, must comply with the Minimum Initial Bid requirements (as defined in the Motion), unless otherwise agreed by the Debtors, in consultation with the Term A Lenders and the Committee.

17. The Debtors' presentation of a particular Qualified Bid other than the Stalking Horse Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of such Qualified Bid. Other than as expressly set forth in the Bid Procedures Order, the Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

18. After the Successful Bid, the next highest or otherwise best offer (the "Back-Up Bid"), as determined by the Debtors, in consultation with the Term A Lenders and Committee, shall remain open, and the entity submitting such Back-Up Bid (the "Back-Up Bidder") shall be required to fully perform under such Back-Up Bid, until the earlier of consummation of the Sale with the Successful Bidder or sixty (60) days following the closing date contemplated in the Successful Bid. For the avoidance of doubt, the Stalking Horse Bidder shall not be required to serve as the Back-Up Bidder. In the event the Successful Bidder fails to consummate the Sale as a result of the Successful Bidder's default or breach under the applicable purchase agreement in accordance with the terms of such purchase agreement by the closing date contemplated in such purchase agreement, the Debtors shall be, among other things, free to enter into a new purchase agreement with the Back-Up Bidder at the purchase price contemplated in the Back-Up Bid. Following the approval of the Sale of the Acquired Assets to the Successful Bidder at the Sale Hearing, if such Successful Bidder fails to consummate the approved Sale within sixty (60) days after entry of an Order approving such Sale, the Debtors shall be authorized, in consultation with the Term A Lenders and the Committee but not required, to deem the Back-Up Bid, as disclosed at the Sale Hearing, the Successful Bid, and the Debtors may consummate the Sale to the Back-Up Bidder without further order of the Bankruptcy Court.

19. The Motion, together with all exhibits and schedules, this Order, and all notices approved by this Order, shall be posted on the website of the Debtors' claims agent.

20. The Contract Procedures, setting forth, among other things, the procedures for determining the Cure Amounts and the deadline for objecting to the Cure Amounts and/or the proposed assumption and assignment of executory contracts and unexpired leases, as provided in the Motion, are hereby approved in their entirety, except as modified herein. Notice of the Contract Procedures in the form attached hereto as <u>Exhibit 3</u> and service of such notice of the Contract Procedures to the Contract Parties, are appropriate and sufficient under the circumstances, and no other or further notice of the Contract Procedures need to be given, except as set forth herein.

21. The Bankruptcy Court shall conduct the Sale Hearing commencing on October 18, 2017 at 10:30 a.m. (ET), at which time the Bankruptcy Court will consider approval of the Sale to the Successful Bidder and entry of the Sale Order.

22. Objections to (i) approval of the Sale and entry of the Sale Order, including the relief sought in the Motion that the sale of the Acquired Assets be free and clear of all Encumbrances pursuant to Bankruptcy Code section 363(f), with such Encumbrances to attach to the Sale Proceeds (if any) (a "<u>Sale Objection</u>") or (ii) proposed Cure Amounts and/or the proposed assumption and assignment of Contracts on the Contracts Schedule, including, but not limited to, objections related to adequate assurance of future performance by the Successful Bidder (a "<u>Contract Objection</u>"), must be in writing and filed with the Bankruptcy Court and served on (i) counsel for the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Adam G. Landis, Esq. (landis@lrclaw.com) and Matthew B. McGuire, Esq. (mcguire@lrclaw.com)); (ii) counsel to the Term A Lenders, Curtis, Mallet-

Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: Steven J. Reisman, Esq. (sreisman@curtis.com) and Shaya Rochester, Esq. (srochester@curtis.com) and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. (collins@rlf.com)); (iii) counsel to the Committee, Cullen and Dykman LLP, The Legal Center, One Riverfront Plaza, Newark, New Jersey 07102 (Attn: S. Jason Teele, Esq. (steele@cullenanddykman.com), Nicole Stefanelli, Esq. (nstefanelli@cullenanddykman.com), and Bonnie Pollack (bpollack@cullenanddykman.com)) and Whiteford, Taylor & Preston LLC, The Renaissance Centre, 405 North King Street, Suite 500, Wilmington, Delaware 19801 (Attn: Christopher M. Samis, Esq. (csamis@wtplaw.com) and L. Katherine Good, Esq. (kgood@wtplaw.com)); and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Juliet Sarkessian, Esq. (juliet.M.Sarkessian@usdoj.gov)), so as to be received by such parties prior to 4:00 p.m. (ET) on October 11, 2017 (the "Sale Objection Deadline" and "Contract Objection Deadline"); provided, however, that if the Debtors amend the Cure Notice to add a contract or lease, the Contract Party shall have until the later of (a) fourteen 14 days after service of the Cure Notice, and (b) the Sale Hearing to submit a Contract Objection (the "Amended Contract Objection Deadline"); provided further, that if the Debtors amend the Cure Notice to reduce the Cure Amount of a Contract, except where such reduction was upon mutual agreement of the parties, the Contract Party shall have until fourteen (14) days after service of the amended Cure Notice to object to the Cure Amount; and provided further, that in the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder Contract Parties shall be able to assert an objection at or before the Sale Hearing to the assignment of executory contracts and unexpired leases to such Successful Bidder solely on the grounds that the proposed assignment does not comply with 11

U.S.C. § 365(b)(1)(C), with any such objection that is not resolved prior to or at the Sale Hearing to be heard at a later-scheduled hearing as the Bankruptcy Court deems appropriate.

23. In the event (a) an Auction is conducted, the deadline for objections related to the conduct of the Auction itself shall be at the Sale Hearing and (b) in the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder, the deadline for objections relating to (i) the form of Sale Order approving such Successful Bidder's asset purchase agreement, and (ii) the proposed asset purchase agreement between the Debtors and such Successful Bidder shall be at the Sale Hearing.

24. Unless a Contract Objection is filed and served before the Contract Objection Deadline or the Amended Contract Objection Deadline, as applicable, all Contract Parties shall be (i) forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts (other than as may be asserted in an Additional Cure Notice), provided, however, that a Contract Party shall not be barred from seeking additional amounts on account of any defaults occurring between the service of the Cure Notice (or amended Cure Notice, if applicable) and the assumption of the contract, and the Debtors and the Successful Bidder shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices; (ii) deemed to have consented to the assumption and assignment, (iii) forever barred and estopped from asserting or claiming against the Debtors or the Stalking Horse Bidder, or the Successful Bidder, as applicable, that any additional amounts are due or other defaults exist (other than as may be asserted in an Additional Cure Notice), that conditions to assignment must be satisfied under such Contracts, including without limitation adequate assurance of future performance; (iv) precluded from objecting to the Cure Amount (if any) and the assumption and

assignment; and (v) barred and estopped from asserting or claiming that their Contract contains an enforceable consent right.

25. The Debtors, the Contract Party, and the Successful Bidder, in consultation with the Committee, may consensually resolve any Contract Objection prior to the Sale Hearing. In the event a Contract Objection is not resolved, such Contract Objection will be heard at the Sale Hearing or thereafter, or the Successful Bidder may designate such Contract as a Contract that will not be assumed and assigned to the Successful Bidder, in which case such Contract shall not be assumed and shall remain property of the Debtors' estates, subject to any designation rights set forth in the Stalking Horse APA and further orders of the Bankruptcy Court.

26. The Debtors are hereby authorized to share certain of the Contracts that contain confidentiality restrictions with Qualified Bidders, including the Stalking Horse Bidder, subject to the terms of the non-disclosure agreement by and between the Debtors and each Qualified Bidder, provided that each such Qualified Bidder requesting access to such confidential contracts enters into a non-disclosure agreement with the Debtors, in a form acceptable to the Debtors.

27. The Court finds that no consumer privacy ombudsman is required under § 363(b)(1) of the Bankruptcy Code.

28. All Qualified Bidders are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters between and among any Qualified Bidder and the Debtors related to the Auction and the Sale.

29. The Sale Notice attached hereto as <u>Exhibit 2</u> is approved. The Sale Notice provides all parties in interest good and sufficient notice of the relief sought in the Motion, including, but not limited to, the Auction, the Bid Deadline, the Bid Procedures, the Sale Hearing and the Sale.

30.     Within two (2) days of the entry of the Bid Procedures Order, the Debtors shall serve by first class mail, postage prepaid, copies of: (i) this Order and (ii) the Sale Notice upon the following entities: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Stalking Horse Bidder; (c) counsel to the Committee; (d) all taxing authorities having jurisdiction over any of the Acquired Assets subject to the Sale, including the Internal Revenue Service; (e) the Environmental Protection Agency; (f) the U.S. Securities Exchange Commission; (g) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Bid Procedures Order; (i) all persons or entities known to the Debtors that have or have asserted a lien on, or security interest in, all or any portion of the Acquired Assets; (j) all of the Debtors' known creditors; (k) all potential bidders previously identified or otherwise known to the Debtors; and (l) all counterparties to executory contracts and unexpired leases with any of the Debtors (collectively, the "Sale Notice Parties"). The Debtors are also authorized and directed to publish the Sale Notice in the national edition of either the *Wall Street Journal National Edition* or *USA Today* or similar publication once within seven (7) business days after entry of this Order.

31.     The Cure Notice attached hereto as Exhibit 3 provides proper notice to all parties in interest and is approved. The Debtors shall serve the Cure Notice on all Contract Parties by first class mail no later than fourteen (14) days before the Contract Objection Deadline and twenty-one (21) days prior to the Sale Hearing.

32.     The Additional Cure Notice attached hereto as Exhibit 4 provides proper notice to all parties in interest and is approved. The Debtors shall serve the Additional Cure Notice pursuant to the additional assumption procedures as provided in the Motion.

33. The Notice of Sale Hearing and Terms of Global Settlement attached hereto as Exhibit 5 is approved as providing sufficient notice that the Stalking Horse Bid includes the Global Settlement, and of the opportunity to object to the proposed sale and form of Sale Order, which will include the terms of the Global Settlement. The Debtors shall serve the Notice of Sale Hearing and Terms of Global Settlement on the Sale Notice Parties listed in paragraph 30 above.

34. All of the dates set forth on the attached Schedule 1 are hereby approved.

35. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

36. Notwithstanding the possible applicability of Bankruptcy Rule 6003 or 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

37. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

Dated: September 7, 2017
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Judge